**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**WILLIAM CHRISTOPHER CHEATHAM,**

              **Petitioner,**

    **v.**                                                   **CASE NO. 21-3195-SAC**

**TODD THOMPSON, ET AL.,**

              **Respondents.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, who is proceeding pro se, is detained in the Leavenworth County Jail in Leavenworth, Kansas, pending state criminal proceedings. The Court has conducted a preliminary review of the petition and will direct Petitioner to show cause why this action should not be dismissed under *Younger v. Harris*, 401 U.S. 37, 53-54 (1971).

Petitioner names as respondents Leavenworth County District Attorney Todd Thompson, Leavenworth County Sheriff Andrew Dedeke, and Leavenworth County District Court Judge (fnu) Kuckleman. Petitioner asserts that he is being illegally detained in violation of the First, Second, Third, Eighth, Tenth, Fourteenth, and Fifteenth Amendments to the United States Constitution. (Doc. 1, p. 6-7.) More specifically, Petitioner alleges violations of his equal protection and confrontation rights, the duties and responsibilities of a prosecutor, and his rights to peaceably assemble, to a speedy trial, and to be free from cruel and unusual punishment. *Id.* Petitioner asks this Court to order him released from confinement and hold that the information,

complaint, and probable cause affidavit are defective and void. *Id.* at 7.

**Discussion**

Habeas Corpus Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4. The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2241(c)(3).[1]

The United States Supreme Court has held that principles of comity dictate that absent unusual circumstances, a federal court shall not intervene in ongoing state-court proceedings unless "irreparable injury" is "both great and immediate." *Younger*, 401 U.S. at 46. Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). "*Younger* abstention is 'non-discretionary . . . absent extraordinary circumstances,' if the three conditions are indeed satisfied." *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)).

This case satisfies the three conditions in *Younger*. The state criminal proceedings against Petitioner are ongoing, the State of Kansas has an important interest in resolving alleged violations of

---

[1] To the extent that Petitioner bases his claims for federal habeas relief solely on the violation of state statutes, he cannot succeed. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("Federal habeas relief does not lie for errors of state law.").

its criminal statutes, and the state courts provide Petitioner an adequate opportunity to present his challenges, including his federal constitutional claims, either in district court or on appeal. Although "[t]he *Younger* abstention doctrine does not apply 'in case of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown,'" a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Amanatullah*, 187 F.3d at 1165. Petitioner has not done so.

Petitioner is therefore directed to show cause, in writing, on or before October 1, 2021, why this matter should not be summarily dismissed without prejudice under *Younger*. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is directed to show cause, in writing, on or before October 1, 2021, why this matter should not be summarily dismissed without prejudice pursuant to *Younger*.

**IT IS SO ORDERED.**

DATED:  This 1st of September, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge