```
          IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**WILLIAM CHRISTOPHER CHEATHAM,**

                    **Petitioner,**

      **v.**                                       **CASE NO. 21-3195-SAC**

**TODD THOMPSON, et al.,**

                    **Respondents.**

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on Petitioner's response to the Court's Notice and Order to Show Cause (NOSC) issued September 1, 2021. After reviewing the response (Doc. 4), the Court will dismiss the action without prejudice pursuant to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53-54 (1971).

**Background**

On August 27, 2021, Petitioner, who is a pretrial detainee at Leavenworth County Jail, filed his pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. His asserted grounds for relief include violations of his constitutional rights to equal protection, confrontation, peaceable assembly, and speedy trial, as well as alleged violations of the constitutional prohibition against cruel and unusual punishment. He also asserts that the prosecutor did not comply with prosecutorial duties and responsibilities. Petitioner asks the Court to order his release and hold that the information, complaint, and probable cause affidavit are defective and void. (Doc. 1.)

After a preliminary review of the petition, as required by

Habeas Corpus Rule 4, the Court issued the NOSC, stating that it appeared that the Court must abstain from intervening in the state criminal proceedings. (Doc. 3.) Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997)(*Phelps II*). "*Younger* abstention is 'non-discretionary . . . absent extraordinary circumstances,' if the three conditions are indeed satisfied." *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)).

The NOSC concluded that the three conditions in *Younger* are satisfied here. The state criminal proceedings against Petitioner are ongoing, the State of Kansas has an important interest in addressing alleged violations of its criminal statutes, and the state courts provide an adequate opportunity for Petitioner to present his challenges. The Court therefore directed Petitioner to show cause why this matter should not be summarily dismissed without prejudice under *Younger*. (Doc. 3.) Petitioner filed his response on September 13, 2021. He asserts that the circumstances requiring *Younger* abstention are not present and *Younger* does not apply because the prosecution was undertaken in bad faith.

**Analysis**

First, Petitioner argues that the State no longer has an important interest in pursuing the criminal charges against him because the alleged victim no longer wishes to press charges and she was intoxicated when she reported the alleged crimes to police.

*Id.* at 2. Petitioner provides no legal authority to support the proposition that an alleged victim recanting his or her accusation deprives the State of its interest in pursuing criminal charges.

This Court has previously held the opposite. *See Butler v. Fisher*, Case No. 10-3196-SAC, 2010 WL 5185028, *1 (D. Kan. Dec. 15, 2010) (unpublished order) (abstaining under *Younger* despite "the victim's recantation and refusal to press charges"). In addition, a victim's recantation does not necessarily preclude the State from pursuing a valid conviction. See *State v. Dority*, 50 Kan. App. 2d 336, 344 (May 16, 2014) (affirming domestic battery and endangering a child convictions based in part on victim statements to police that she later "largely recanted"), *rev. denied* May 12, 2015.

Liberally construing the response, as is appropriate since Petitioner is proceeding pro se[1], Petitioner also argues that the state courts do not provide an adequate opportunity for him to challenge his prosecution. *Id.* at 4. To support this point, he informs the Court that the alleged victim in the criminal case was served with a summons to testify in a civil case Petitioner is pursuing in state court, rather than a subpoena, as is issued in criminal cases. *Id.* The alleged victim did not appear for the civil hearing. *Id.*

Actions taken in separate but simultaneous civil proceedings do not affect Petitioner's opportunity to present his challenges to his criminal proceedings. Petitioner may present his challenges in the criminal proceedings, either before trial[2], at trial, on appeal,

---

[1] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. at 106 (1976), and noting that "[a] document filed pro se is 'to be liberally construed.'")

[2] One way to present such challenges is through a motion to dismiss, which the petition asserts the Petitioner already has discussed with the attorney representing him in the state criminal proceedings. (See Doc. 1, p. 5.)

or in collateral actions thereafter. Petitioner has not persuaded the Court that the state courts do not provide adequate opportunities for him to present the challenges that he seeks to present to this Court through the current petition.

Next, Petitioner contends that he has shown the prosecution is in bad faith and he is in danger of irreparable injury, so the *Younger* abstention doctrine does not apply. (Doc. 4, p. 2-5, 9-10.) There are narrow exceptions to the *Younger* abstention doctrine when prosecution occurs in bad faith . . . or under other "extraordinary circumstances, where the danger of irreparable loss [or injury] is both great and immediate." *Younger*, 401 U.S. at 46-55 (citations omitted); see also *Perez v. Ledesma*, 401 U.S. 82, 85 (1971) (holding the presumption of *Younger* abstention may be overcome "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction"). A petitioner seeking to establish an exception to the *Younger* abstention doctrine bears a "heavy burden." *Phelps II*, 122 F.3d at 889.

Petitioner claims that the investigation and charging of the alleged crimes took too long, confusion over the alleged victim's identity denied Petitioner his constitutional confrontation rights, the alleged victim lied in the initial report to police and has since retracted her initial statements and expressed her wish not to press charges, and the charges are not supported by probable cause. (Doc. 4, p. 5-6.) He argues that the State's decision to prosecute him under these circumstances is evidence that the prosecution was undertaken in bad faith. *Id.* at 6.

The Tenth Circuit has identified three factors courts should

consider when

> "determining whether a prosecution is commenced in bad faith or to harass: (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions."

*Phelps II*, 122 F.3d at 889.

There is no indication here that the prosecution was motivated by retaliation or Petitioner being in a suspect class, nor is there any indication that the prosecution has been conducted in a harassing manner. Petitioner's allegations do not rise to the level required to show that the prosecution was undertaken in bad faith. "'[B]ad faith' in this context generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975)(citing *Perez*, 401 U.S. at 85).

As noted above, a prosecutor may obtain a valid conviction even where the alleged victim has recanted prior statements or expresses a wish not to pursue criminal charges. Similarly, a denial of confrontation rights does not necessarily demonstrate that the prosecution was commenced in bad faith or that there was an abuse of prosecutorial discretion. The Leavenworth County District Court has confirmed it held a preliminary hearing in Petitioner's case and made a finding of probable cause, which undermines Petitioner's argument that there was no probable cause to charge him. *See Phelps v. Hamilton*, 59 F.3d 1058, 1064 n. 12 (10th Cir. 1995) ("Ordinarily, a bad faith prosecution will not be predicated upon probable

cause.")(*Phelps I*).

Petitioner also asserts that he will suffer the irreparable injuries of mental anguish and "time taken away from [his] life" if the malicious prosecution continues. *Id.* at 3-5. In other parts of the response, Petitioner informs the Court that he is unable to receive mental health services at Leavenworth County Jail, he has been subject to lockdown because of COVID-19, he was neither offered a COVID-19 vaccine nor informed of the results of an eventual COVID-19 test, and his medical sick call requests were denied. *Id.* at 10.

"Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, [cannot] by themselves be considered "irreparable" in the special legal sense of that term." *Younger*, 401 U.S. at 46. These types of injury are, instead, "incidental to every criminal proceeding brought lawfully and in good faith." *See id.* at 49. Thus, Petitioner's mental anguish and his loss of time due to the pending criminal case against him do not constitute irreparable loss in this context. The Court concludes that administrative lockdown due to the COVID-19 pandemic, delayed testing for the COVID-19 virus, and the failure to provide test results similarly do not rise to the level of irreparable injury required for exception to the *Younger* abstention doctrine.

Rather, to be a threat of irreparable injury that may warrant an exception to the *Younger* doctrine, "the threat to the [individual's] federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Id.* at 46 (citations omitted). Generally, a threat of irreparable injury occurs alongside a bad-faith prosecution or where there are

a series of repeated prosecutions. *Id.* at 49; *see also Dumbrowski v. Pfister*, 380 U.S. 479 (1965)(finding danger of irreparable injury existed where bad-faith prosecutions, arrests without probable cause, the use of illegally seized documents at public meetings, and repeated arrests created a threat of irreparable injury to individuals' First Amendment rights). As explained above, there is no indication that Petitioner has faced a series of repeated prosecutions, that his prosecution was undertaken or continued in bad faith, or that he cannot protect his federal constitutional rights by way of the state criminal proceedings.

As a last point, the Court turns to the cases Petitioner has quoted throughout his response. (Doc. 4, p. 7-8.) The intended relevance of the cases is at times difficult to determine, but the Court has reviewed each case in its entirety and finds that none persuades the Court that the *Younger* abstention doctrine does not apply in this case. The common theme throughout the cases is that a state violates due process protections if it obtains a conviction by knowing introduction of perjured testimony, by otherwise deceiving a jury, or by suppressing evidence favorable to a defendant. *See Wilde v. Wyoming*, 362 U.S. 607 (1960); *Napue v. Illinois*, 360 U.S. 264, 269 (1959); *Alcorta v. Texas*, 355 U.S. 28 (1957); *Durley v. Mayo*, 351 U.S. 277, 285 (1956)(dissenting opinion); *Pyle v. Kansas*, 317 U.S. 213, 216 (1942); *Mooney v. Holohan*, 294 U.S. 103, 112 (1935); *U.S. ex rel. Almeida v. Baldi*, 195 F.2d 815, 820 (3rd Cir. 1952). Petitioner has not yet been tried or convicted, much less in a way that violates due process. The question currently before the Court is whether it must abstain under *Younger* and dismiss this matter without prejudice. The cases cited

above are not relevant to this question.[3]

**Conclusion**

After a careful review of Petitioner's response and for the reasons explained above, the Court concludes that it must follow the nondiscretionary abstention doctrine set forth in *Younger*. The Court will therefore dismiss this matter without prejudice pursuant to the *Younger* doctrine. The Court also concludes that its procedural ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that the Petition **is dismissed without prejudice**. No certificate of appealability will issue.

**IT IS SO ORDERED**.

DATED:  This 16th day of September, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge

---

[3] Nor are 42 U.S.C. § 1997e(e) or *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006), which petitioner also quotes. (Doc. 4, p. 9.) *See* 42 U.S.C. § 1997e(e) (requiring a showing of physical injury or commission of a sexual act for prisoner to bring federal civil action to recover for mental or emotional injury suffered while in custody); *Anderson*, 469 F.3d at 913 ("We accept all well-pleaded allegations of a plaintiff's complaint as true and consider them in the light most favorable to the non-moving party.").